9708. SWAIN v. GRAVES, ordinary, for use, etc.

LUKE, J. 1. Where suit was brought for the breach of a bond given under section 379 of the Penal Code of 1910, to stop a prosecution for seduction, the condition of which was as follows: "Now should the said Charlie J. Swain provide for the said Dollie Sumner and her child, now Dollie Swain, and maintain her and her child in meat and drink and clothing and other necessities of life in a manner suitable to her circumstances during and for the period of five years from the date of

this bond, then this obligation to be void; otherwise of full force and effect," proof that the mother of the child had by her labor accumulated some little property would not relieve the defendant from his obligation to keep and maintain the mother and child as provided by the bond.

2. The charge of the court was full and fair, and was not subject to the criticism that the contentions of the defendant were not fully submitted to the jury. The general grounds of the motion for a new trial and the exception to the failure of the judge to charge more fully the contentions of the defendant were without merit. The evidence fully authorized the verdict, and it was not error to overrule the motion for a new trial.

Judgment affirmed. Wade, C. J., and Jenkins, J., concur.

DECIDED NOVEMBER 12, 1918.

Action upon bond; from Tift superior court—Judge Eve. March 6, 1918.

*J. P. Knight,* for plaintiff in error.

*R. D. Smith,* contra.